IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASTLEY ANTHONY GRANT, : | | |
|     Petitioner : | | |
| : | No. 1:21-cv-1942 | |
| v. : | | |
| : | (Judge Rambo) | |
| WARDEN of CLINTON COUNTY : | | |
| CORRECTIONAL FACILITY, : | | |
| *et al.*, : | | |
|     Respondents : | | |

## MEMORANDUM

In November 2021, *pro se* Petitioner Astley Anthony Grant ("Grant"), who is currently being detained at the Clinton County Correctional Facility by Immigration and Customs Enforcement ("ICE"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.) Because it plainly appears from the Section 2241 petition that Grant is not entitled to relief, the Court will dismiss his petition.  *See* 28 U.S.C. § 2254 Rule 4.[1]

## I.  BACKGROUND

Grant's petition is difficult to follow and appears to implicate "sovereign citizen" ideology.[2]  (*See generally* Doc. 1.)  He asserts that he is "in this instance the

---

[1] *See also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

[2] *See* Charles E. Loeser, *Sovereign Citizens: A Reasoned Response to the Madness*, 93 N.C. L. REV. 1106, 1119-26 (2015) (providing a thorough explanation and history of sovereign citizen ideology).

principal and intellectual property of the United States Inc." and that the United States "used an unconstitutional and unlawful arrest to create said intellectual property . . . and accused the Jamaican Government of ceasing and bastardizing" Grant's "given Christian name." (*Id.* at 3). According to clearer portions of Grant's petition, he pled guilty in January 2020 to illegal reentry into the United States, was sentenced to 37 months' imprisonment, completed that sentence on August 31, 2021, and is currently in ICE custody awaiting deportation. (*Id.* at 4-5.)

## II.   DISCUSSION

The Court is unable to ascertain from Grant's lengthy and confusing petition the legal basis under which Grant seeks habeas corpus relief. Grant's petition spans many pages but is short on justification for why he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Grant appears to challenge the authority of ICE to detain him pending deportation proceedings. (*See* Doc. 1 at 9, 12.) He incorporates arguments frequently proffered by those adhering to the sovereign citizen ideology that challenge the authority and jurisdiction of the federal government, including irrelevant contentions regarding maritime and admiralty law, corporate law, and commercial law. (*See, e.g., id.* at 8-12, 16, 20, 24.)

Grant's claims are facially meritless. From his own admissions and filings, it appears that he is being lawfully detained prior to removal pursuant to either 8 U.S.C.

§ 1226(c) (detention of criminal aliens who are inadmissible or deportable prior to final order of removal) or 8 U.S.C. § 1231(a)(6) (detention of inadmissible or criminal aliens ordered removed). Grant's detention is likely pursuant to Section 1231, as it appears that he "has reentered the United States illegally after having been removed . . . under an order of removal" and his prior order of removal has been "reinstated from its original date and is not subject to being reopened or reviewed[.]" 8 U.S.C. § 1231(a)(5); (*see* Doc. 1-1 at 2.)

Nothing in Grant's petition plausibly challenges these statutes or the jurisdiction of ICE to enforce them. Nor does Grant raise any type of claim regarding entitlement to a bond hearing. Accordingly, it is plain from the face of Grant's petition that he is not entitled to habeas relief, and therefore the Court must dismiss the instant Section 2241 petition.

### III. CONCLUSION

Based on the foregoing, Grant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 15, 2022